**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 7, 2010[*]
Decided January 11, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| **No**. 09-2678<br><br>UNITED STATES OF AMERICA,<br> *Plaintiff-Appellee,*<br><br>**v.**<br><br>ROY MOSLEY,<br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 99 CR 544<br>Wayne R. Andersen, *Judge*. |

**Order**

In 2004 we affirmed Roy Mosley's conviction under 21 U.S.C. §846 for a drug conspiracy. See *United States v. Kyser*, No. 02-2998 (7th Cir. June 24, 2004) (unpublished order). Mosley then filed and lost a collateral attack under 28 U.S.C. §2255. In 2009 Mosley asked the district court to correct a clerical error. See Fed. R. Crim. P. 36. He contends that the judgment should have referred to crack cocaine, and 21 U.S.C. §841, as well as §846.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

It was apparent to the district judge, as it is to us, that Mosley's goal is not the addition of a citation to the judgment, but a fresh chance to get a reduction in his sentence. His brief makes this explicit by contending that, if the judgment is amended in any particular, even to correct a typographical error, the district court must resentence him under *United States v. Booker*, 543 U.S. 220 (2005). The district court ruled that the judgment is fine as it stands (because the conviction rests on §846 rather than §841) and denied the motion; we agree.

The Supreme Court has not declared *Booker* retroactive to cases on collateral review, nor has Mosley satisfied the statutory conditions for filing a second collateral attack. The decision of the district court is affirmed.